Affirmed as Modified and Opinion filed September 12, 2002









Affirmed as Modified and Opinion filed September 12, 2002

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-00249-CV

____________

 

STEWART A. FELDMAN & ASSOCIATES,
L.L.P., Appellant

 

V.

 

INDUSTRIAL PHOTOGRAPHIC SUPPLY, INC.,

BELL INDUSTRIES,
INC., and BENNETT GREENSPAN,
Appellees

 



 

On Appeal from the 113th District Court

Harris County, Texas

Trial Court Cause No. 2000-15882

 



 

O P I N I O N

This is an appeal from a final judgment confirming an
arbitration award in a dispute between a law firm and its former clients.  Appellant Stewart A. Feldman &
Associates, L.L.P. (the “Firm”) contends that the trial court erred in (1)
awarding attorney’s fees to appellees under the Declaratory Judgments Act, and
(2) refusing to vacate a portion of the award relating to appellee Bennett
Greenspan.  For the reasons given below,
we affirm the judgment as modified.








PROCEDURAL BACKGROUND

A dispute arose between the Firm and appellees Bell
Industries, Inc. (“Bell”), Industrial Photographic Supply, Inc. (“IPS”), and
Bennett Greenspan (“Greenspan”) during the course of the Firm’s representation
of appellees in two underlying lawsuits. 
The parties sought to resolve their dispute through arbitration as
provided in the Firm=s engagement letter, but disagreed on the proper forum for
the arbitration.  The Firm sought
injunctive and declaratory relief in the trial court, arguing that the
engagement letter provided that its claim for unpaid legal fees should be
arbitrated in the Houston Bar Association’s Fee Dispute Committee (“FDC”)
separately from the claims appellees Bell and IPS had brought before a JAMS Endispute
arbitrator relating to the Firm’s representation.  

The firm obtained a temporary restraining order preventing
the fee dispute from going forward in the JAMS arbitration, but the trial court
subsequently denied the Firm’s request for a temporary injunction and ordered
the parties to arbitrate the fee dispute before the JAMS arbitrator.  The parties then filed summary judgment
motions seeking a determination of the proper forum for the disputes.  The trial court, finding that the JAMS
arbitrator had jurisdiction to hear the fee dispute, granted appellees’ motion,
and signed an order that left open the issue of appellees’ entitlement to
attorney’s fees under the Declaratory Judgments Act.  

Thereafter, the Firm submitted its claim for unpaid fees to
the JAMS arbitrator after adding Greenspan as a counter-respondent.  Following the conclusion of the arbitration,
the arbitrator issued his award. 
Appellees then moved for a determination of their entitlement to
attorney=s fees under the Declaratory
Judgments Act as provided in the trial court’s earlier order.  After an evidentiary hearing, the trial court
awarded appellees attorney’s fees over the Firm’s objection.  On appellee=s motion, the trial court entered a
final judgment confirming the arbitrator’s award and the attorney’s fees
award.  This appeal followed.








FACTUAL BACKGROUND

Bell engaged the Firm to represent Bell, IPS, and Greenspan
in two related lawsuits in Harris County, Texas.  The terms of the engagement were set out in a
letter from the Firm to Bell’s counsel (the “engagement letter”).[1]  The engagement letter contained the following
arbitration provision:

Should any dispute arise out of or in conjunction with
any matter relating in any way to any legal work performed for Bell or Bell=s affiliates or any other matter involving The Law Offices of Stewart A. Feldman & Associates, L.L.P. or its
principals, we agree to submit any and all such disputes for final and binding
resolution that cannot be settled by good faith negotiation between the parties
to J*A*M*S/Endispute pursuant to its Arbitration Rules.  Fee disputes, however, shall be submitted to
the Houston Bar Association=s Fee Dispute Committee for binding and nonappealable
resolution.

 

One of the lawsuits settled in March of 1998, and settlement
negotiations had been attempted in the other, when a dispute arose between the
Firm and appellees.  The dispute centered
around the Firm’s handling of the litigation and its billings for legal
services rendered.  The dispute
escalated, and in January of 1999 the Firm intervened in the remaining lawsuit
to recover unpaid attorney’s fees it claimed appellees owed.  At the same time, the Firm withdrew from its
representation of appellees.

On February 22, 1999, Bell requested arbitration before both
the FDC and JAMS.  Eventually, however,
Bell declined to participate in the FDC proceeding, and pursued arbitration
before a JAMS arbitrator.  In the JAMS proceeding,
Bell lodged numerous claims against the Firm, including breach of fiduciary
duty and constructive fraud, and sought forfeiture of attorney’s fees.  Greenspan was not a participant in the JAMS
arbitration at this time.  








The Firm objected to the inclusion of its claim for unpaid
attorney’s fees in the JAMS proceeding; it claimed that the plain language of
the engagement letter required that the fee dispute be arbitrated before the
FDC.  The issue was submitted to the JAMS
arbitrator, who determined that all of the parties’ claims were appropriate for
arbitration before JAMS.  However,
shortly before the arbitration was to commence, the Firm filed suit in the
district court for injunctive and declaratory relief.  It argued that the JAMS arbitrator did not
have jurisdiction over the fee dispute.  

On March 31, 2000, an ancillary judge granted the Firm’s
request for temporary relief, staying the arbitration proceedings as to the
Firm=s claim for unpaid attorney’s
fees.  Consequently, when the arbitration
went forward on April 4B5, 2000, only Bell’s claims against the Firm were heard.  Several days later, the trial court denied
the Firm=s request for a temporary injunction
to stay the arbitration and ordered that the remaining issue of the Firm’s
claim for unpaid attorney’s fees and expenses be heard by the JAMS
arbitrator.  Both parties then filed
motions for summary judgment on the scope and jurisdiction of the arbitration
provision.  After a hearing on the
motions, the trial court entered an order on June 7, 2000, granting appellees’
motion and holding that the JAMS arbitrator had jurisdiction to hear all
disputes between the appellees and the Firm, including fee disputes.  The court left open the issue of the
appellees’ entitlement to attorney=s fees under the Declaratory
Judgments Act.

On September 7, 2000, the arbitrator held a hearing on the
Firm=s claim for unpaid attorney’s fees
against appellees.  At the hearing, the
firm sought $57,449 in unpaid fees, $18,100 in interest on the unpaid fees, and
$76,271 for their own attorney’s fees incurred in defending against Bell’s
claims.  The arbitrator found that the
Firm had breached its fiduciary duty to its clients, and ordered disgorgement
of a portion of the fees the Firm sought. 
The arbitrator ordered Bell to pay the Firm $20,000.  The arbitrator also found that the Firm
failed to establish any right to recover against Greenspan.  








After the entry of the arbitration award, appellees returned
to the trial court and obtained a hearing on their entitlement to attorney’s
fees.  Over the Firm’s objection, the
trial court awarded $7,575 in attorney=s fees to appellees.  Later, the trial court entered a final
judgment confirming the arbitration award and the trial court’s award of
attorney’s fees.

ISSUES ON APPEAL

On appeal, the Firm argues that the trial court erred in two
ways:  (1) by awarding appellees attorney’s
fees in the order confirming the arbitration award; and (2) by refusing to
vacate that part of the arbitration award addressing Greenspan.  We will address each in turn. 

1.         Attorney=s Fees

In its first issue, the Firm advances two grounds in support
of its objection to the award of attorney’s fees to appellees.  First, the Firm contends that the trial court
improperly modified the arbitrator’s award because the court lacked jurisdiction
to modify the award.  Second, it claims
the trial court abused its discretion in awarding attorney’s fees under the
Declaratory Judgments Act.  See Tex. Civ. Prac. & Rem. Code Ann. '' 37.001B.011 (Vernon 1997). 








We first address the Firm’s contention that the trial court
improperly modified the arbitrator’s award. 
In its June 7, 2000 order and the final judgment, the trial court
expressly stated that the fee award was made under the Declaratory Judgments
Act.  The Firm argues that the trial
court lacked jurisdiction to award fees under the Declaratory Judgments Act
because the parties had agreed in the engagement letter that any disputes
arising between them would be resolved by an arbitrator.  Therefore, the Firm contends, if appellees
wanted attorney’s fees for having to respond to the Firm’s declaratory action,
they should have requested them in arbitration. 
However, based on its own requests in the trial court, we find the Firm’s
position disingenuous.  In its petition
and motion for partial summary judgment, the Firm itself requested two things:  (1) a declaration of the parties’ rights under
the arbitration provision of the engagement letter; and (2) attorney’s fees
under section 37.009 of the Act.  Given
the Firm’s posture below, the Firm apparently recognized the trial court’s
jurisdiction to award attorney’s fees under the Act.

Further, in the unique circumstances presented in this case,
we find that the trial court had jurisdiction to award attorney=s fees under the Act.  In the usual situation, when one party seeks
to enforce an arbitration agreement against another party who seeks to litigate
a dispute, the party seeking arbitration files a motion to compel
arbitration.  In deciding a motion to
compel arbitration, the court must look at two issues:  (1) is there a valid arbitration agreement; and
(2) does the agreement encompass the claim. 
See Nationwide of Bryan, Inc. v. Dyer, 969 S.W.2d 518, 520 (Tex.
App.CAustin 1998, no writ); see also Tex. Civ. Prac. & Rem. Code Ann. ' 171.021 (Vernon Supp. 2002).  Under the Texas arbitration statutes,
attorney’s fees may not be recovered unless the parties’ agreement provides for
them.  See Monday v. Cox,
881 S.W.2d 381, 386 (Tex. App.CSan Antonio 1994, writ denied) (noting that arbitration
statutes provide for recovery of costs but not attorney’s fees). 








Here, however, both parties recognized that arbitration was
the proper method for resolving their disputes; the only issue was which
arbitral forum was proper for which claim. The Firm contended that the express
terms of the engagement letter provided that the FDC had exclusive jurisdiction
over its claim against appellees for unpaid fees, while appellees contended
that all disputes, including the fee dispute, could be resolved in the JAMS
arbitration proceeding.  We hold that, in
this situation, the determination of the proper arbitral forum for specific
claims was a matter of contract construction within the trial court’s
jurisdiction under the Act.  See Tex. Civ. Prac. & Rem. Code Ann. ' 37.004(a) (Vernon 1997) (“A person
interested under a . . . written contract . . . or whose rights, status, or
other legal relations are affected by a . . . contract . . . may have
determined any question of the construction or validity arising under the . . .
contract . . . and obtain a declaration of rights, status, or other legal
relations thereunder.”).  In so holding,
we emphasize the distinction between the motion here and the typical motion to
compel.  This opinion should not be
interpreted to imply that one seeking to compel arbitration under the Texas
arbitration statutes may simply style its motion as a declaratory action in an
attempt to obtain attorney’s fees that would not otherwise be recoverable.[2]  Given that the Firm invoked the Declaratory
Judgments Act to ask the court to declare which of the two arbitral forums had
jurisdiction of which claims, the trial court had jurisdiction to determine the
issue. 

Having determined that the trial court was authorized to
award attorney’s fees under the Declaratory Judgments Act, we next determine
whether the trial court abused its discretion in awarding attorney’s fees to
appellees.  Under the Declaratory
Judgments Act, the award of attorney’s fees is entrusted to the trial court=s sound discretion, limited only by
the requirements that the attorney’s fees are reasonable and necessary and the
award is equitable and just.  Bocquet
v. Herring, 972 S.W.2d 19, 21 (Tex. 1998). 
It is an abuse of discretion for a trial court to rule arbitrarily,
unreasonably, or without regard to guiding legal principles, or to rule without
supporting evidence.  Id.  

When a claimant, like the Firm, has properly invoked the
Declaratory Judgments Act, either party may plead for and obtain attorney’s
fees.  Knighton v. Int’l Bus. Mach.
Corp., 856 S.W.2d 206, 210 (Tex. App.CHouston [1st Dist.] 1993, writ
denied); see also Tex. Civ. Prac.
& Rem. Code Ann. ' 37.009 (providing that “the court may award costs and
reasonable and necessary attorney’s fees as are equitable and just.”).  The award of attorney=s fees is not limited to the
plaintiff or the party affirmatively seeking declaratory relief.  Knighton, 856 S.W.2d at 210; Hartford
Cas. Ins. Co. v. Budget Rent-A-Car Sys., Inc., 796 S.W.2d 763, 771 (Tex.
App.CDallas 1990, writ denied). 








The Firm contends that the trial court’s fee award was an
abuse of discretion because  the trial
court lacked jurisdiction over the dispute, there was no evidence of attorney=s fees presented in the arbitration,
the trial court was not authorized to reopen the record, the appellees failed
to properly plead for attorney’s fees, and the issue of attorney’s fees was not
tried by consent.  We have already
determined the jurisdiction at issue. 
However, we will consider the Firm’s contention that appellees failed to
properly plead for attorney’s fees and the matter was not tried by consent.

In fact, the real question here is whether the document
arguably containing a request for fees was a pleading.  The Firm cites several cases that stand for
the general proposition that a trial court may award attorney’s fees to a party
who pleads for them in a declaratory judgment action.  See, e.g., First City Nat=l Bank of Midland v. Concord Oil Co., 808 S.W.2d 133, 138 (Tex. App.CEl Paso 1991, no writ); Raw Hide
Oil & Gas, Inc. v. Maxus Exploration Co., 766 S.W.2d 264, 270-271 (Tex.
App.CAmarillo 1988, writ denied);
Ritchie v. City of Fort Worth, 730 S.W.2d 448, 451 (Tex. App.CFort Worth 1987, writ ref’d
n.r.e.).  However, as the Firm points
out, appellees’ original answer did not include a request for attorney=s fees.  Moreover, appellees= motion for summary judgment did not
contain a request for attorney=s fees.  

In response, appellees do not dispute that an award of
attorney=s fees must be supported by the
pleadings, but respond that Bell’s “Motion to Determine Attorney’s Fees”
constituted a sufficient pleading. 
Appellees refer us to Texas Rule of Civil Procedure 71,[3]
governing misnomer of pleadings, and State Bar of Texas v. Heard, 603
S.W.2d 829, 833 (Tex. 1980) (holding that courts look to the substance of a
plea for relief to determine the nature of the pleading, not merely at the form
of title given to it). 








We acknowledge that this is a close issue.  But, to permit Bell’s “Motion to Determine
Attorney=s Fees” to be construed as a pleading
risks that we begin a descent toward eroding our pleading rules.  Rules 45 and 47 of the Texas Rules of Civil
Procedure require that pleadings give fair notice of the claim asserted.  Paramount Pipe & Supply Co. v. Muhr,
749 S.W.2d 491, 494 (Tex. 1988).  The
purpose of the fair notice requirement is to provide the opposing party with
sufficient information to prepare a defense. 
Paramount Pipe, 749 S.W.2d at 494; Roark v. Allen, 633
S.W.2d 804, 810 (Tex.1982). 

Pleadings thus serve to frame the issues and establish the
parameters of the parties’ dispute.  The
practical advantages of the pleading requirements are evident.  To determine the claims or defenses that are
raised, it is a simple matter to review the parties’ live pleadings; one need
not search through an entire file to ferret out the nature of the contest.  Compliance with the technical rules governing
pleading also encourages the logical, efficient, and orderly resolution of
legal proceedings, and ensures that one party will not obtain more relief than
was requested.  Moreover, a judgment must
be based upon pleadings, and in the absence of trial by consent, a plaintiff
may not sustain a favorable judgment on a claim not pleaded.  Stoner v. Thompson, 578 S.W.2d 679,
682-83 (Tex. 1979).  Absent a mandatory
statute, a trial court=s jurisdiction to render a judgment for attorney=s fees must be invoked by pleadings,
and a judgment not supported by pleadings requesting an award of attorney’s
fees is a nullity.  State v. Estate of
Brown, 802 S.W.2d 898, 900 (Tex. App.CSan Antonio 1991, no writ).








With these policies in mind, we consider whether Bell’s “Motion
to Determine Attorney’s Fees” is sufficient to constitute a pleading.  At the time the parties submitted their
motions for summary judgment, appellees’ answer did not include a request for
attorney’s fees, or even a prayer for general relief.  Nor did Bell=s motion for summary judgment include
a request for attorney’s fees. 
Nevertheless, on June 7, 2000, the trial court signed an order granting
Bell’s motion for summary judgment and providing that “[t]he remaining issue of
Defendants’ entitlement to attorney’s fees under Section 37.009 of the Texas
Civil Practice & Remedies Code will be considered at another hearing.”  It was not until roughly six months later,
after the conclusion of the arbitration and the issuance of the arbitration
award, that Bell filed its AMotion to Determine Attorney’s Fees.”  At no time prior to filing this motion did
the appellees amend their answer to include a request for attorney=s fees under the Declaratory
Judgments Act.  

The substance of Bell’s motion consisted of the
following:  “The Defendants, Bell/IPS are
entitled to attorney’s fees pursuant to the attached Order of the Court.”  The referenced order is not attached to the
copy of the motion in the record, but presumably it is the trial court’s June
7, 2000 order.  Bell relied upon the
trial court’s order as the sole basis for an award of attorney’s fees.  However, that order does not reflect that the
trial court found that appellees were entitled to attorney’s fees (as appellees
appear to contend); in fact, it reflects that the trial court was deferring any
determination of appellees’ entitlement to attorney’s fees until a later
time.  As written, therefore, the motion
to determine attorney’s fees states no legal basis upon which Bell is entitled
to such fees.

Further, in response to Bell’s motion, the Firm filed a
response in which it specifically asserted that Bell failed to request attorney’s
fees in its pleadings, and the Firm reasserted  this objection at the subsequent evidentiary
hearing on attorney’s fees. 
Inexplicably, despite repeated notice that the prudent course would be
to amend its answer to assert a request for attorney’s fees, Bell chose not to
do so.  Bell offers no reason why it did
not simply amend its pleadings, and it directs us to no authority that would
support a finding of misnomer under these facts.[4]  

 








We are aware that in some situations a motion or response has
been found to constitute a pleading.  For
example, in Lohmann v. Lohmann, 62 S.W.3d 875, 880 (Tex. App.CEl Paso 2002, no pet.), the court
found that a former wife’s request for attorney’s fees in a response to the
former husband’s “writ of attachment” of their child, which the trial court
interpreted to be a request for temporary orders in a suit affecting the
parent-child relationship, sufficiently put the husband on notice that the wife
would seek attorney=s fees in the trial on the issue of the modification of
custody of the child.  The court also
recognized that in a suit affecting the parent-child relationship, technical
rules of pleading are of little importance when compared to the determination
of issues concerning the custody of children. Id. at 879. 

In Baca v. Hoover, Bax, & Shearer, 823 S.W.2d 734,
738 (Tex. App.CHouston [14th Dist.] 1992, writ
denied), the court found that a motion for restitution pending at the time the
plaintiff took a nonsuit constituted a pending claim for affirmative relief
that could be heard by the trial court. 
In that case, the trial court granted a law firm summary judgment on its
claim for unpaid attorney’s fees for legal services against its former
clients.  The trial court also granted a
writ of attachment and a writ of garnishment against the clients.  Id. at 736.  On appeal, the summary judgment was reversed,
and the clients filed a motion for restitution and dissolution of the writs of
garnishment and attachment in the trial court. 
Before the motion for restitution was heard, however, the law firm
nonsuited its claim.  The trial court
subsequently denied the motion for restitution. 
On appeal, the court found that the motion set out all the facts
necessary to support a cause of action for the return of monies garnished by
the law firm in the absence of an underlying judgment on the debt, and thus was
sufficient to constitute an affirmative claim for relief that the trial court
had jurisdiction to hear.  Id. at
738.








The Lohmann and Baca cases are in no way
analogous to the present case.  In both
cases, the requested relief was timely made in advance of the trial court’s
determination of the issue.  Here, Bell’s
request for attorney’s fees was made long after the declaratory action had been
ruled upon, and after the completion of the arbitration.  In further contrast to Baca, in which
the court found that the defendants had set out sufficient facts upon which to
discern a pending claim for affirmative relief, Bell’s motion to determine
attorney=s fees sets out no facts or legal
basis to support an award of attorney’s fees; it merely referred to the trial
court=s order as entitling it to fees, when
no such determination had been made. 
And, unlike the situation in Lohmann, we perceive no compelling
interest that may trump the technical rules of pleading, particularly when Bell
was repeatedly given notice that its pleading was defective.  Given the circumstances and facts of this
case, we are unwilling to find that “justice so requires” that we treat Bell’s
motion as a proper pleading for attorney’s fees.  See Tex.
R. Civ. P. 71; see also Krull v. Somoza, 879 S.W.2d 320, 322 (Tex.
App.CHouston [14th Dist.] 1994, writ
denied) (holding a request for damages contained in a motion for summary
judgment insufficient when plaintiffs never pleaded for damages).








Appellees argue that even if the motion does not constitute a
proper plea, the issue was tried by consent at a June 7, 2000 hearing on the
parties’ motions for summary judgment. The trial court’s docket sheet reflects
that a hearing on the parties’ motions was held on that day, but the record
contains no transcript of the hearing. 
Further, as noted above, the trial court=s order of the same day does not
reflect that the trial court actually made a determination that appellees were
entitled to attorney’s fees; it reflects only that any entitlement to fees
would be determined later.  On this
record, we find no evidence that the issue of attorney’s fees was actually
tried at the June 7, 2000 hearing.[5]  See Johnston v. McKinney Am., 9 S.W.3d
271, 281 (Tex. App.CHouston [14th Dist.] 1999, pet. denied) (stating that
doctrine of implied consent should be applied only if clearly warranted and
only when it appears from the record that the issue was actually tried).  Likewise, we do not find that the issue was
tried by consent at the January 17, 2001 evidentiary hearing on attorney’s
fees, because the Firm objected to appellees’ request for attorney=s fees both in writing prior to the
hearing and orally at the hearing.

Accordingly, we sustain the Firm’s first issue on the grounds
that the trial court abused its discretion in awarding appellees attorney’s
fees in the absence of a proper pleading, and order that the trial court’s
judgment is modified to reflect no award of attorney’s fees to appellees.

2.         The Portion
of the Arbitration Award relating to Greenspan

In its second issue, the Firm complains that the trial court
erred in refusing to vacate that part of the arbitration award addressing
Greenspan, because (1) the arbitrator exceeded his authority by considering the
fee dispute between the Firm and Greenspan, and (2) made a gross mistake in
ruling that the Firm was not entitled to recover attorney’s fees from
Greenspan.  We first address the Firm’s
contention that the trial court exceeded its authority by considering the fee
dispute between the Firm and Greenspan.  

One of the statutory grounds upon which a party may seek to
vacate an arbitration award is that the arbitrators exceeded their powers.  Tex.
Civ. Prac. & Rem. Code Ann. ' 171.088(a)(3)(A) (Vernon Supp.
2002).  The authority of arbitrators is
derived from the arbitration agreement and is limited to a decision of the
matters submitted therein either expressly or by implication.  City of Baytown v. C.L. Winter, Inc., 886
S.W.2d 515, 518 (Tex. App.CHouston [1st Dist.] 1994, writ denied).  An award that goes beyond the matters
submitted for arbitration is void to that extent.  Id. 








The gravamen of the Firm’s complaint is that the only dispute
between it and Greenspan was a “pure fee” dispute, and that under the plain
language of the arbitration provision, jurisdiction of this dispute rested
exclusively with the FDC.  In support of
its contention, the Firm stresses that Greenspan filed only a general denial in
response to the Firm’s claims in the arbitration, sought no affirmative relief,
did not testify, and appeared only through counsel.  The Firm also complains that, despite the
fact that Greenspan made no claim against the Firm, the arbitrator found that
the Firm breached a fiduciary duty owed to Greenspan.

Arbitration proceedings are favored in Texas.  Jack B. Anglin Co., Inc. v. Tipps, 842
S.W.2d 266, 268 (Tex. 1992); Riha v. Smulcer, 843 S.W.2d 289, 292 (Tex.
App.CHouston [14th Dist.] 1992, writ
denied).  Arbitration awards are favored
by the courts as a means of disposing of pending disputes; therefore, every reasonable
presumption will be indulged to uphold the proceeding. Riha, 843 S.W.2d
at 292; Anzilotti v. Gene D. Liggin, Inc., 899 S.W.2d 264, 266 (Tex.
App.CHouston [14th Dist.] 1995, no
writ).  A mere mistake of fact or law
alone is insufficient to set aside an arbitration award.  Riha, 843 S.W.2d at 292; Anzilotti,
899 S.W.2d at 266.  

Whether the parties’ agreement imposes a duty to arbitrate a
particular dispute is a matter of contract interpretation and a question of law
for the court.  Kline v. O’Quinn,
874 S.W.2d 776, 782 (Tex. App.CHouston [14th Dist.] 1994, writ denied), cert. denied,
515 U.S. 1142 (1995).  The presumption in
favor of arbitration requires that when the scope of an arbitration is fairly
debatable or reasonably in doubt, the court decides the question of
interpretation in favor of arbitration.  Id.  This presumption is particularly applicable
when the clause is broad, purporting to cover all claims, disputes, and other
matters relating to the contract or its breach. 
Id.  When there is a broad
arbitration clause, arbitration of a particular grievance should not be denied
unless it can be said with positive assurance that the arbitration clause is
not susceptible of an interpretation that covers the asserted dispute.  Id. 

            In the typical case
involving the scope of an arbitration clause, one party argues that some or all
of its claims are not within the scope of the arbitration provision and
therefore must be litigated.  Here, the
question is not whether some claims should be litigated rather than arbitrated,
it is whether some claims should be arbitrated in a different forum than
others.  The first sentence of the
engagement letter provides for arbitration as follows:








Should any dispute arise out of or in conjunction with
any matter relating in any way to any legal work performed for Bell or Bell=s affiliates or any other matter involving The Law Offices of Stewart A. Feldman & Associates, L.L.P. or its
principals, we agree to submit any and all such disputes for final and binding
resolution that cannot be settled by good faith negotiation between the parties
to J*A*M*S/Endispute pursuant to its Arbitration Rules.  

 

The plain language of this sentence of the arbitration provision is very
broad, providing that the parties to the engagement letter have agreed to
submit to JAMS arbitration “any matter relating in any way” to “any legal work”
or “any other matter” involving the Firm or its principals.  The second sentence of the provision provides
that “[f]ee disputes, however, shall be submitted to the Houston Bar
Association’s Fee Dispute Committee for binding and nonappealable resolution.”  The Firm characterizes its dispute with
Greenspan as a “pure fee” dispute that is not arbitrable in a JAMS
proceeding.  Consequently, the Firm
argues, its claim against Greenspan should have proceeded separately before the
FDC. 








We cannot agree.  Texas
favors the joint resolution of multiple claims to prevent multiple
determinations of the same matter.  See
Jack B. Anglin Co., 842 S.W.2d at 271 (holding that tort claims factually
intertwined with contract claims were subject to contract=s arbitration provision); Valero
Energy Corp. v. Wagner & Brown, 777 S.W.2d 564, 566-67 (Tex. App.CEl Paso 1989, writ denied) (holding
that broad arbitration provision encompassed tort claims factually interwoven
with contract claims).  Here, the claims
raised by appellees are factually intertwined with the Firm’s claim for unpaid
fees, and thus were properly resolved in the JAMS proceeding.  The Firm sought the recovery of unpaid
attorney’s fees from Bell, IPS, and Greenspan, all of whom were the Firm’s
clients in the underlying litigation.[6]  The basis for the Firm’s claim was the
engagement letter from Stewart Feldman to Bell’s counsel, Robert Adelman.  The Firm had no separate agreement with
Greenspan.  Bell and IPS claimed that the
Firm breached its fiduciary duty and they sought disgorgement of attorney’s
fees under the authority of Burrow v. Arce, 997 S.W.2d 229 (Tex. 1999).[7]  The arbitrator found that the Firm breached
its fiduciary duty to its clients, and as a consequence, ruled that the Firm
had to forfeit a portion of its fees—the same fees the Firm sought from
Greenspan.  

Thus, the evidence necessary to support the Firm’s claims for
unpaid attorney’s fees against Greenspan is the same as its claim for unpaid
attorney’s fees against Bell and IPS. 
Accordingly, we cannot say with positive assurance that the arbitration
clause is not susceptible of an interpretation that permits the fee dispute to
be arbitrated in the JAMS proceeding. 
See Kline, 874 S.W.2d at 782. 
Indeed, to conclude otherwise would subvert arbitration’s main benefits
of efficiency and lower costs.  See
Jack B. Anglin, 842 S.W.2d at 268. 

The Firm argues that if we hold that the entire dispute was
arbitrable in a JAMS proceeding, we will be rewriting the parties’
agreement.  The Firm asserts that under
the arbitration provision, disputes over its handling of litigation are
properly arbitrable before a JAMS arbitrator, but fee disputes must be
separately arbitrated before the FDC. 
Thus, the Firm argues, concurrent proceedings in two forums were
expressly contemplated.  However, the
Firm failed to challenge that portion of the award ordering Bell to pay it
$20,000; this belies its argument.  The
Firm has thus conceded that the arbitration provision’s first sentence
(providing for the arbitration of “any matter” involving the Firm) is broad
enough to encompass fee disputes, at least when the fee dispute is “mixed” with
other claims.  The dispute with Greenspan
is factually intertwined with the dispute as to Bell; therefore, we reject the
Firm’s argument that, as to its fee dispute with Greenspan, exclusive
jurisdiction rests with the FDC. 








We also reject the Firm’s contention that its fee dispute
with Greenspan was not factually intertwined with the claims between the Firm
and Bell because the claims are based on different facts.  Specifically, the Firm contends its breach of
contract claims arise from the engagement letter and appellees’ failure to pay
the amounts due under it, whereas the substance of Bell’s non-fee claims arise
from issues related to “strategic decisions in the handling of the case,
instructions from the client regarding work to be done, the execution of those
instructions, and the handling of the Firm’s collection efforts.”  It attempts to support this argument by
asserting that the arbitrator was able to separate its consideration of the “non-fee”
claims on April 4–5, and its consideration of the Firm’s claim on September 7,
2000.  However, as we have noted, the
Firm sought the same fees from all appellees under the same engagement
letter.  These fees were subject to forfeiture
in the event the arbitrator found that the Firm had breached its fiduciary duty
to Bell and Greenspan.  It is of no
consequence that the arbitrator heard appellees’ claims and the Firm’s claims
on different days.  Therefore, we reject
the Firm’s contention that the Firm=s fee claims are separable from
appellees’ breach of duty claims. 








Further, we do not find that the arbitrator exceeded his
authority in finding that the Firm breached its fiduciary duty to Greenspan in
the absence of an affirmative pleading or direct testimony by Greenspan.  As the party seeking to vacate a portion of
the award, the burden is on the Firm to bring forward a complete record and
establish any facts that would warrant vacating the arbitration award.  See Kline, 874 S.W.2d at 790-91.  Here, the Firm did not bring forward the
parties’ statements of issues, the exhibits, or the briefing submitted in the
arbitration.  In addition, although the
Firm contends that it has provided the complete transcripts from the arbitration,
we do not have the direct examination of Bell’s counsel, Adelman.   The absence of these items prevents us from
reviewing the specific issues that were presented to the arbitrator.  Nevertheless, despite the incomplete record
of the arbitration, portions of the available transcript shows that testimony
was heard regarding the Firm’s breach of duty to both Bell and Greenspan, and
the arbitrator’s award sets out evidence he believed supported a breach of
fiduciary duty by the Firm to Bell and Greenspan. Therefore, we find that the
Firm has not met its burden to show facts that would authorize us to vacate
that portion of the award.  Further, any
complaint regarding the sufficiency of the pleadings in arbitration is a
procedural matter properly left to the arbitrator.  Id. at 782-73.

Finally, we address the Firm’s contention that the arbitrator
made a gross mistake in finding that the Firm failed to establish that it had a
right to recover attorney=s fees from Greenspan. 
Under the common law, an otherwise valid award may be held invalid if it
is  tainted with such gross mistake as
would imply bad faith or the failure to exercise honest judgment.  House Grain Co. v. Obst, 659 S.W.2d
903, 906 (Tex. App.CCorpus Christi 1983, writ ref’d n.r.e.); Carpenter v.
North River Ins. Co., 436 S.W.2d 549, 551 (Tex. Civ. App.CHouston [14th Dist.] 1968, writ ref=d n.r.e.).  Gross mistake results in a decision that  is arbitrary or capricious.  Bailey & Williams v. Westfall, 727
S.W.2d 86, 90 (Tex. App.CDallas 1987, writ ref’d n.r.e.).  An honest judgment made after due
consideration given to conflicting claims, however erroneous, is not arbitrary
or capricious.  Id. 

The Firm argues that the arbitrator ignored “significant
evidence” establishing the Firm’s right to recover from Greenspan.  However, the only evidence it points to is a
brief portion of Stewart Feldman’s testimony in which he opined that Greenspan
was “as liable as Bell” under the engagement letter and he had not received “a
penny” of the unpaid legal fees from either Bell or Greenspan.  In contrast, the arbitration award
demonstrates that the arbitrator considered the following facts: (1) Greenspan
had paid $5000 in defense costs to the Firm in the early stages of litigation
in 1996, before Bell acquired IPS; (2) although Greenspan remained a defendant
in the litigation, he paid no attorney’s fees since then, for almost two years;
(3) there was no documented legal basis for the Firm to look to Greenspan to
pay Bell’s fee bills, since the fee agreement was with Bell and the material
bills were sent to Bell.  The arbitrator
also noted that specific invoices during 1998 and 1999 were addressed to
Adelman, and it was not until the March 17, 1999 invoice that Greenspan was
added as an addressee with Adelman.  








The burden is on the Firm to demonstrate how the arbitrator
made a gross mistake.  Anzilotti,
899 S.W.2d at 267.  In light of the
foregoing, we conclude that the Firm has failed to demonstrate that the
arbitrator made a gross mistake in finding that the firm was not entitled to
recover legal fees from Greenspan.  We
overrule the Firm=s second issue.

In summary, we sustain the Firm’s first issue on the grounds
that appellees failed to properly plead for attorney’s fees, and reverse the
$7,575.00 awarded to appellees in attorney’s fees.  We therefore modify the judgment of the court
below to strike the award of $7,575.00 in attorney’s fees to Industrial
Photographic Supply, Inc., Bell Industries, Inc., and Bennett Greenspan.  We affirm the remainder of the judgment
confirming the arbitrator’s award.

 

 

/s/        Wanda McKee Fowler

Justice

 

 

 

Judgment rendered
and Opinion filed September 12, 2002.

Panel consists of
s Hudson, Fowler, and Edelman.

Do Not Publish C Tex.
R. App. P. 47.3(b).

 

 











[1]  Bell purchased
IPS in 1996, shortly before the initiation of the underlying litigation;
therefore, Bell and IPS will be collectively referred to as “Bell” unless the
context indicates otherwise.





[2]  We also note
that the requested relief was not a request for an advisory opinion, as the
Firm appears to suggest by its citations to State v. Morales, 869
S.W.2d 941, 947 (Tex. 1994), and Texas Ass=n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 444 (Tex. 1993).  Nor is this a situation in which the
appellees sought a modification of an arbitrator=s award
to request an additional award on a claim that was submitted to arbitration, as
was the case in International Bank of Commerce-Brownsville v. Int=l Energy Dev. Corp., 981 S.W.2d 38, 54-55 (Tex. App.CCorpus
Christi 1998, pet. denied), cert. denied, 528 U.S. 1137 (2000). 





[3]  Texas Rule of
Civil Procedure 71 provides that “[w]hen a party has mistakenly designated any
plea or pleading, the court, if justice so requires, shall treat the plea or
pleading as if it had been properly designated.”  Tex.
R. Civ. P. 71.





[4]  We note that
appellees have not raised the argument that the Firm waived the issue by
failing to file special exceptions.  Even
if they had raised the argument, however, we do not think special exceptions
were required here.  This was not a
situation in which appellees’ pleading for attorney’s fees was vague or
ambiguous; here, appellees’ answer contained no pleading for attorney=s fees.  A party
is not required to urge special exceptions to flesh out allegations that are
not even hinted at in a pleading.  See
Hand v. Dean Witter Reynolds Inc. 889 S.W.2d 483, 490 (Tex. App.CHouston [14th Dist.] 1994, writ denied).  The Firm’s repeated objections, both orally
and in writing, sufficiently apprised the trial court of its position that an
award of attorney=s fees was improper in the absence of a proper
pleading.  





[5]  Moreover, the
mere fact that appellees prevailed in the declaratory action does not
automatically entitle them to an award of attorney’s fees.  See Savings and Profit Sharing Fund of Sears
Employees v. Stubbs, 734 S.W.2d 76, 80 (Tex. App.—Austin 1987, no writ).





[6]  Greenspan was
sued in the litigation as a former owner and employee of IPS.





[7]  The Texas
Supreme Court held in Arce that a client need not prove actual damages
in order to obtain forfeiture of an attorney’s fee for the attorney’s breach of
fiduciary duty to the client.  Burrow
v. Arce, 997 S.W.2d at 240.