George Young LOHMANN,
Jr., Appellant,

v.

Rosemary Ei–Ling LOHMANN,
Appellee.

No. 08–99–00470–CV.

Court of Appeals of Texas,
El Paso.

Nov. 29, 2001.

Rehearing Overruled Jan. 9, 2002.

David Rogers, David W. Lindemood, Brockett & Lindemood, Midland, for Appellant.

James P. Boldrick, James W. Essman, Boldrick, Clifton, Nelson & Holland, Midland, Miles R. Nelson, Shafer, Davis, Ashley, O'Leary & Stoker, Odessa, for Appellee.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

### OPINION

SUSAN LARSEN, Justice.

In one of several appeals arising from the parties' divorce, George Young Lohmann appeals from a decree modifying the original order naming the parties joint managing conservators, and awarding sole managing conservatorship of the parties' minor daughter to Rosemary Ei–Ling Lohmann. We affirm the trial court's judgment.

### Facts

George and Rosemary Lohmann were divorced in February 1998. The final divorce decree named them joint managing conservators of their minor daughter. Rosemary Lohmann was awarded the right to establish the child's primary residence and to make decisions concerning her education.

In March 1999, George Lohmann filed his petition to modify the parent-child relationship from joint to sole managing conservatorship, requesting that he be appointed sole managing conservator. He also filed a request for "writ of attachment" of the child, which the trial court interpreted as a request for temporary

orders under Tex. Fam.Code Ann. § 156.006. The trial court entered temporary orders granting George Lohmann temporary managing conservatorship, removing Rosemary Lohmann as joint managing conservator, and appointing her possessory conservator. Rosemary Lohmann filed a written response challenging the issuance of the writ, which included a prayer for attorneys' fees. She never responded to the modification petition, however, by filing an answer or making any affirmative request regarding custody of the child.

At trial, a jury found that the joint managing conservatorship should be replaced by a sole managing conservatorship of the child, and that Rosemary Lohmann should be appointed sole managing conservator. On September 20, 1999, the trial court rendered a final decree appointing Rosemary Lohmann sole managing conservator of the minor child, George Lohmann possessory conservator, and ordering that George Lohmann pay attorneys' fees for Rosemary in the sum of $31,970. George Lohmann appeals.

### Jury Charge Error

In his third issue, George Lohmann contends that the trial court erred in submitting to the jury the issue of whether Rosemary Lohmann should be appointed sole managing conservator, when she had not pleaded for that appointment. It is true that Rosemary Lohmann never filed a responsive pleading to her ex-husband's modification petition, nor any petition for affirmative relief herself. Thus, there was no pleading on file requesting that she be named sole managing conservator.

Nevertheless, the trial court submitted these two questions to the jury:

Question 1

Should the joint managing conservatorship be replaced by a sole managing conservatorship of NORELLE CHRISTA VICTORIA LOHMANN?

Answer Yes or No.

Answer: Yes

. . .

Question 2

Who should be appointed sole managing conservator of NORELLE CHRISTA VICTORIA LOHMANN?

Answer by writing the name of the person who should be appointed.

Answer: Rosemary Ei–Ling Lohmann

George Lohmann's counsel requested that the second question be worded, "should George Lohmann be appointed sole managing conservator of Norelle? Answered by 'yes' or 'no.'" Counsel argued that this was appropriate because he was the only party requesting affirmative relief. The trial court refused to submit the requested issue, but noted that the request was timely tendered. Although counsel orally recited his proposed instruction into the record, no written request appears to have been filed.

A trial judge has broad discretion in submitting jury questions.[1] This is particularly true in cases involving the parent-child relationship where "the best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child."[2] The Supreme Court has found, in a case where appellant contended there were no pleadings to support the court's visitation orders, that:

---

1. *Mobil Chem. Co. v. Bell,* 517 S.W.2d 245, 256 (Tex.1974).

2. Tex. Fam.Code Ann. § 153.002 (Vernon 1996).

[W]e are of the view that a suit properly invoking the jurisdiction of a court with respect to custody and control of a minor child vests that court with decretal powers in all relevant custody, control, possession and visitation matters involving the child. The courts are given wide discretion in such proceedings. Technical rules of practice and pleadings are of little importance in determining issues concerning the custody of children.... [O]nce the child is brought under its jurisdiction by suit and pleading cast in terms of custody and control, it becomes the duty of the court in the exercise of its equitable powers to make proper disposition of all matters comprehended thereby in a manner supported by the evidence.[3]

Compared to the best interest of the child, technical rules of pleading and practice are of little importance in determining child custody issues.[4] We find the trial court did not abuse its discretion in submitting the jury questions as it did. Here, the trial court was not bound by strict pleading rules, the questions it submitted were consistent with both TEX. FAM.CODE ANN. § 156.203 and the recommended pattern jury charge.[5] The third issue is overruled.

### Attorneys' Fees

In his first and second issues, George Lohmann contests the trial court's award of attorneys' fees, because: (1) Rosemary Lohmann did not plead for attorneys' fees; (2) she did not designate an expert on attorneys' fees pursuant to the pretrial order; and (3) although granted leave to do so by the trial court, she did not file a written trial amendment.

Rosemary Lohmann responds that she pleaded for attorneys' fees in her original and amended responses to the writ of attachment; that she listed her attorneys' billing statements in her exhibit list; that the final decree states that the parties agreed to submit the issue to the trial court, and George Lohmann therefore waived his complaint; and finally that the trial court granted her permission to file a trial amendment requesting attorneys' fees, which was adequate even though she never filed a written trial amendment. After examining each of these contentions, we find Rosemary Lohmann adequately pleaded for attorneys' fees in a proceeding under Texas Family Code Chapter 156, Suits Affecting the Parent Child Relationship, and the trial court's award was therefore within its discretion.

### *Request for attorneys' fees under temporary orders proceeding do not give fair notice of attorneys' fees sought for suit affecting parent-child relationship*

By statute, in a suit affecting the parent-child relationship, the trial court may order reasonable attorney's fees as costs.[6] An award of attorney's fees in a suit affecting the parent-child relationship is within the sound discretion of the trial court.[7]

Pleadings are to be liberally construed in favor of the pleader, particularly

---

3. *Leithold v. Plass,* 413 S.W.2d 698, 701 (Tex. 1967) (citations omitted); *See Terrett v. Wagenor,* 613 S.W.2d 308, 310 (Tex.Civ.App.—Fort Worth 1981, no writ); *Barrow v. Durham,* 574 S.W.2d 857, 861 (Tex.Civ.App.—Corpus Christi 1978), *aff'd,* 600 S.W.2d 756 (Tex. 1980).

4. *In re P.M.B.,* 2 S.W.3d 618, 624 (Tex.App.— Houston [14th Dist.] 1999, no pet.).

5. *See Texas Pattern Jury Charges–Family* 217.4A–B (2000).

6. TEX. FAM.CODE ANN. §§ 106.001–002 (Vernon 1996).

7. *Bruni v. Bruni,* 924 S.W.2d 366, 368 (Tex. 1996).

when the complaining party has not filed any special exceptions,[8] but the pleadings must give fair notice of the claim or defense asserted.[9] The purpose of the fair notice requirement is to provide opposing counsel with enough information to prepare a defense or answer.[10] Here, Rosemary Lohmann contends that by requesting attorneys' fees in her response to his request for writ of attachment, she sufficiently put George Lohmann on notice that she would seek them.

The trial court found that the request for writ of attachment was actually a request for temporary orders under TEX. FAM.CODE ANN. § 156.006. George Lohmann did not object to this characterization. He modified the parties' status regarding conservatorship based upon a finding that for Rosemary Lohmann to continue as the child's primary conservator might "significantly impair the child's emotional development."[11] There was a hearing on that issue, at which George Lohmann and his counsel appeared and Rosemary Lohmann appeared with her counsel, Thomas Hirsch. Temporary orders, including an injunction, were entered on May 4, 1999. As Rosemary Lohmann did not prevail on those issues and neither party was awarded attorneys' fees on temporary orders.

Hearing on the permanent modification was held in September 1999. Rosemary Lohmann went to trial on the issue of modification of custody without a responsive pleading or request for affirmative relief on file. Nevertheless, we think her pleading in response to the motion for writ of attachment, deemed to be a motion for temporary orders pursuant to a suit affecting the parent-child relationship, adequately placed George Lohmann on notice of her request.

### *Agreement to submit amount of attorneys' fees to court did not waive complaint that they were not pleaded*

■ In this case, the trial court awarded attorneys' fees to Rosemary Lohmann as follows:

> IT FURTHER APPEARING TO THE COURT that prior to the time that the Movant rested, the parties agreed not to submit issues concerning attorney's fees to the jury but that those issues would be decided by the Court. The parties further agreed that David Rogers's time would be billed at the rate of $125.00 an hour while the remaining attorneys' would be billed at the hourly rate of $175.00 per hour. All parties further agreed that they had examined opposing counsel's billing for this trial; and that such billing was fair and reasonable.
>
> IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that GEORGE Y. LOHMANN, JR. be, and he is hereby ORDERED to pay H. Thomas Hirsch and John Gunter, attorneys for ROSEMARY EI–LING LOHMANN, the sum of $31,970.00 as and for their reasonable attorneys' fees.

Rosemary Lohmann contends this constitutes a waiver of George's Lohmann's complaint on attorneys' fees. Although this language does not waive the complaint that no pleading was on file (George Lohmann continually objected to any award of attorneys' fees, or any affirmative relief, based on the lack of pleadings), we read this

---

**8.** *Spiers v. Maples,* 970 S.W.2d 166, 168–69 (Tex.App.—Fort Worth 1998, no pet.).

**9.** *Id.* at 169.

**10.** *Id.*

**11.** TEX FAM.CODE ANN § 156.006 (Vernon 1996).

language as an agreement to take the issue of attorneys' fees from the jury, after the trial court had already determined he would award them. What is waived here is the complaint that evidence on attorneys' fees was not properly disclosed in discovery or in the pretrial order.

### Written trial amendment was never filed

Finally, Rosemary Lohmann contends that her trial amendment requesting attorneys' fees entitles her to prevail on this point. As we have found the request for attorneys' fees in the response to the writ of attachment constituted adequate notice, we do not reach this argument.

George Lohmann's Issues One and Two are overruled.

### Violations of Motions in Limine

In his fourth issue, George contends that the trial court erred in denying his motions for mistrial for Rosemary's repeated violations of the motion in limine. Prior to trial, George filed a motion in limine as to matters occurring prior to the date of divorce, as well as any matters of cruelty, assault, or other acts of fault that allegedly resulted in the dissolution of the marriage. His motion was granted.

George complains of three instances in the record where Rosemary Lohmann presented prejudicial evidence in violation of the motion in limine. First, during voir dire, Rosemary's counsel remarked that the father's assault of the mother in the presence of the child was a consideration in determining the best interest of the child. George Lohmann objected and moved for a mistrial, which was denied. Second, Rosemary Lohmann made reference to their history of family violence when called as an adverse witness during his case-in-chief, and he again moved for a mistrial, which was again denied. Third, during his cross-examination, his ex-wife's attorney asked if he used to take baths with the child. Again his request for a mistrial was denied.

■■■■ A motion in limine is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make.[12] The purpose of a motion in limine is to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission.[13] The cumulative effect of repeated violations of a trial court's order in limine may be grounds for reversal.[14] Where a trial court's order on a motion in limine is violated, an appellate court reviews the violations to see if they are curable by an instruction to the jury to disregard.[15] Violations of an order on a motion in limine are incurable if the instructions to the jury would not eliminate the danger of prejudice.[16]

■■■■ The admission or exclusion of evidence is left to the sound discretion of the trial court.[17] Errors in admitting evidence will not require reversal unless that evidence controlled the judgment.[18]

**12.** *Weidner v. Sanchez*, 14 S.W.3d 353, 363 (Tex.App.—Houston [14th Dist.] 2000, no pet.).

**13.** *Id.*

**14.** *Id.*

**15.** *Id.*

**16.** *Id.*

**17.** *Fort Worth Hotel Ltd. Partnership v. Enserch Corp.*, 977 S.W.2d 746, 757 (Tex.App.—Fort Worth 1998, no pet.).

**18.** *Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex.1989); *Huckaby v. A.G. Perry & Son, Inc.*, 20 S.W.3d 194, 206 (Tex. App.—Texarkana 2000, pet. denied).

In the present case, the record reflects that on numerous occasions, George Lohmann presented the same type of testimony of which he is now complaining. During voir dire, George Lohmann raised the issue of allegations of sexual abuse of the child made after the filing of this suit, and questioned whether the jurors would require proof beyond the mere allegations. During his direct examination of Rosemary, George Lohmann questioned her extensively concerning her contact with Child Protective Services as a result of things the child had told her about George Lohmann.

We find that the evidence complained of did not have a controlling or prejudicial effect on the judgment. In addition, any error would have been cured by an instruction to disregard. Because George Lohmann failed to request an instruction to the jury to disregard, he failed to preserve error.[19] Finally, George Lohmann cannot now complain of the admission of such evidence when he himself introduced evidence of the same or similar matters. A party on appeal may not complain of the admission of improper evidence offered by the other side, when he, himself, introduced the same evidence or evidence of a similar character.[20] We overrule George Lohmann's fourth issue.

### Admission of Hearsay Evidence

In his fifth issue, George Lohmann contends that the trial court erred in admitting prejudicial hearsay evidence from the child's teacher.

The challenged testimony consisted of the teacher's testimony, over objection, that during vocabulary lessons, the child was asked to use the word "punch" in a sentence and said that her father had punched her mother. George Lohmann objected, but his objection was overruled on the grounds that the testimony was not presented for the matter's truth.

Assuming that the trial court erred in allowing this testimony into evidence, we find that George Lohmann fails to show how the admission of the testimony probably caused the rendition of an improper judgment.[21] To establish reversible error in this case, he must demonstrate the judgment turns on the erroneously admitted testimony.[22] We review the entire record to determine whether he has satisfied his burden on appeal.[23] In light of other evidence admitted at trial, we cannot say that admitting this testimony probably caused the rendition of an improper judgment. The fifth issue is overruled.

### Conclusion

We affirm the trial court's decree in this suit affecting the parent-child relationship.

19. See State Bar v. Evans, 774 S.W.2d 656, 658 n. 6 (Tex.1989).

20. McInnes v. Yamaha Motor Corp., U.S.A., 673 S.W.2d 185, 188 (Tex.1984), cert. denied, 469 U.S. 1107, 105 S.Ct. 782, 83 L.Ed.2d 777 (1985).

21. See Tex.R.App. P. 44.1(a)(1).

22. See City of Brownsville v. Alvarado, 897 S.W.2d 750, 753–54 (Tex.1995).

23. See id. at 754.