COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

HILDA Y. COPENHAVER,                                 )

                                                                              )             
No.  08-02-00136-CV

Appellant,                          )

                                                                              )                 Appeal from the

v.                                                                           )

                                                                              )           
County Court at Law #7

JOSE MEDINA,                                                   )

                                                                              )         
of El Paso County, Texas

Appellee.                           )

                                                                              )            
(TC# 2001-J00009-7)

                                                                              )

 

MEMORANDUM  OPINION

 

This is a pro
se appeal from a judgment rendered in the county court from an appeal of a
justice of the peace judgment.  Mr.
Medina filed a small claims action against Ms. Copenhaver in the justice of the
peace court and was awarded a judgment of $2,300 plus costs and 

post-judgment interest in January
2001.  Ms. Copenhaver filed an appeal to
the county court and a non-jury trial was held in March 2002 which resulted in
a judgment of $6,795 plus costs and post-judgment interest against Ms.
Copenhaver.  In this appeal, Ms.
Copenhaver raises three issues which we understand to be:  (1) that the trial court erred by failing to
compel production of discovery requested by Ms. Copenhaver and admitting
untimely filed discovery documentation; (2) that the trial court erred by
admitting false and contradictory documentation; and (3) that the amount of the
judgment was unreasonable.  We affirm.








In January 2000,
Ms. Copenhaver ran a red light on Hawkins Street in East El Paso.  Mr. Medina was driving out of Cielo
Vista Mall onto Hawkins and collided with Ms. Copenhaver=s car. 
In May 2000, Mr. Medina filed suit in Justice of the Peace Court, and on
January 23, 2001, a hearing was held and a judgment of $2,300 plus costs and
post-judgment interest was rendered against Ms. Copenhaver.  She perfected an appeal to the county
court.  On August 8, 2001, Ms. Copenhaver
filed a Motion to Request Discovery Records, Presented by Plaintiff, But Never
Seen by Defendant.  In January 2002, Ms.
Copenhaver retained counsel and a non-jury trial was held on March 6,
2002.  It appears from the record that
Ms. Copenhaver terminated her retained attorney immediately following the
trial, where a judgment of $6,795 plus costs and post-judgment interest was
rendered against her.  She appears before
us pro se and has filed a brief in support of her appeal.  The record before the Court consists only of
the clerk=s record;
no reporter=s record
was requested by Ms. Copenhaver, the Appellant. 


In her first
issue, Ms. Copenhaver complains that the trial court erred by admitting into
evidence documentation, which she had sought through a discovery motion filed
in August 2001 but was not produced until seven days before trial.  She cites Tex.R.Civ.P.
190.2(c)(1) which provides:

All discovery must be conducted during
the discovery period, which begins when the suit is filed and continues until
30 days before the date set for trial. 

 

Ms. Copenhaver=s contention is really three-fold:  first, it was error for the trial judge not
to compel the production of the discovery she had requested; second, that it
was error for the trial judge to consider the discovery documentation that was
filed because it was produced only seven days before trial; and finally, that
the documentation was false or contradictory. 









In the limited
record before us, it does not appear that Ms. Copenhaver obtained a ruling on
her motion to compel, nor does it appear that she ever objected to the
introduction of the documents. 
Consequently, she has waived her right to the requested discovery and
the untimely production of the discovery. 
See Tex.R.App.P.
33.1(a)(2); Pace v. Jordan, 999 S.W.2d 615, 622 (Tex.App.--Houston [1st
Dist.] 1999, pet. denied).

The admission or
exclusion of evidence is left to the sound discretion of the trial court.  

Lohmann v. Lohmann, 62
S.W.3d 875, 881 (Tex.App.--El Paso 2001, no pet.).  Ms. Copenhaver has failed to bring a record
showing that the trial court abused its discretion.  A judge is presumed to have acted within his
discretion unless the record discloses to the contrary.  Navistar Int=l
Corp. v. Valles, 740 S.W.2d 4, 6 (Tex.App.--El Paso 1987, no writ).  She has therefore failed to show any abuse of
discretion by the trial court.  We
overrule Issue One.

In Issue Two, Ms.
Copenhaver complains that the same documents are false or contradictory.  As before, because there is no reporter=s record, we must presume that the
trial judge did not abuse his discretion. 
Id.  With respect to her
analysis and criticism of the veracity of the documents, as a general rule an
appellate court may not consider matters outside the appellate record.  Siefkas v. Siefkas, 902 S.W.2d 72, 74
(Tex.App.--El Paso 1995, no writ).  Issue
Two is overruled.

In Issue Three,
Ms. Copenhaver contends that the trial court Aerred
in not accepting the Defendants plea of Guilty with request to lower the amount
of Judgment from the Justice Court to a more responsible and reasonable amount
. . . .@  In the interest of justice, we will consider
this issue to be a challenge of the legal and factual sufficiency of the
evidence to support the amount of damages awarded by the trial court.








 In considering a Ano
evidence@ legal
insufficiency point, we consider only the evidence that tends to support the
jury=s finding
and disregard all evidence and inferences to the contrary.  Garza v. Alviar, 395 S.W.2d 821, 823
(Tex. 1965).  If there is more than a
scintilla of evidence to support the questioned finding, the Ano evidence@
point fails.  Z.A.O., Inc. v.
Yarbrough Drive Center Joint Venture, 50 S.W.3d 531, 538 (Tex.App.--El Paso
2001, no pet.).

A factual
insufficiency point requires us to examine all of the evidence in determining
whether the finding in question is so against the great weight and
preponderance of the evidence as to be manifestly unjust.  In re King=s
Estate, 150 Tex. 662, 244 S.W.2d 660, 661 (1951); Z.A.O., Inc., 50
S.W.3d at 538.

However, with the
absence of a reporter=s
record, we cannot review the merits of her contentions.  As the complaining party, she has the burden
to bring forth a record to support her contention.  American Paging of Texas, Inc. v. El Paso
Paging, Inc., 9 S.W.3d 237, 240 (Tex.App.--El Paso 1999, pet. denied); see
also Tex.R.App.P. 34.6(b)(1)
and 35.3(b).  Issue Three is overruled.

Having overruled
all three issues raised on appeal, we affirm the judgment of the trial court. 

 

September
25, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.