# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-03-00117-CV

**Robert P. Carswell, Appellant**

**v.**

**Lori Lynn Cloud, Appellee**

FROM THE DISTRICT COURT OF BLANCO COUNTY, 33RD JUDICIAL DISTRICT
NO. 5256, HONORABLE GUILFORD L. JONES, III, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Robert Paul Carswell sued appellee Lori Lynn Cloud seeking modification of conservatorship of their two sons. The parties agreed to the modification of conservatorship, but submitted ancillary issues, including attorney's fees, to the trial court. The trial court rendered judgment reflecting the parties' agreement on conservatorship and resolving the remaining issues, including an award of $41,387.78 in attorney's fees plus costs against Carswell. By five issues, Carswell appeals only the award of attorney's fees and costs. We will affirm the judgment.

## BACKGROUND

Carswell and Cloud were divorced in Bexar County in 1995. The two were designated joint managing conservators of their two sons; Carswell, who lived in Bexar County, was granted the right to establish the primary residence of the children. In 1997, following a jury trial,

the divorce decree was modified and Cloud was designated the parent with the domiciliary power; she resided at that time in Blanco County.

In August 2000, Carswell filed in Bexar County a petition to modify the parent-child relationship, seeking to regain the right to determine the primary residence of the two boys. Attached to his petition were the written elections signed by each of the boys requesting that Carswell be designated as their sole managing conservator. The trial court signed agreed temporary orders allowing the children to reside with Carswell in accordance with their affidavits of preference. After the court rendered its temporary orders, it transferred the case to Blanco County pursuant to Cloud's motion to transfer. Before trial, the parties reached an agreement on some of the issues, including Carswell's exclusive right to establish the children's domicile. Several unresolved issues were reserved for submission to the trial court.

The trial court rendered its final order on November 28, 2001, resolving all issues before it, awarding attorney's fees to Cloud in the amount of $41,387.78, and assessing costs against Carswell. Pursuant to Carswell's request, the trial court filed findings of fact and conclusions of law. Carswell now appeals those portions of the trial court's order assessing attorney's fees and costs against him.

## DISCUSSION

By his first issue, Carswell challenges the trial court's award of attorney's fees against him, arguing that Cloud failed to plead for the awarded attorney's fees.

Under the family code, the trial court may order reasonable attorney's fees as costs in a suit affecting the parent-child relationship. Tex. Fam. Code Ann. § 106.002(a) (West 2002).

2

An award of attorney's fees in such a case is within the sound discretion of the trial court. *Bruni v. Bruni*, 924 S.W.2d 366, 368 (Tex. 1996). In order to be entitled to a discretionary award of attorney's fees, a party must file with the court an affirmative pleading requesting the fees unless the issue is waived or tried by consent. *Wolters v. White*, 659 S.W.2d 885, 888-89 (Tex. App.—San Antonio 1983, writ dism'd w.o.j.). Pleadings must give fair notice of the claim or defense asserted to provide opposing counsel with enough information to prepare a defense or answer. *Lohmann v. Lohmann*, 62 S.W.3d 875, 880 (Tex. App.—El Paso 2001, no pet.).

Cloud does not dispute on appeal that she did not affirmatively seek attorney's fees in response to Carswell's petition to modify conservatorship.[1] She argues, however, that she raised the issue of attorney's fees in other pleadings before the court, thus providing Carswell with notice that she was seeking them. Furthermore, Cloud contends that the trial court correctly determined that the issue was tried by consent.[2]

Rule 67 of the Texas Rules of Civil Procedure provides that issues not raised by the parties that are tried by express or implied consent shall be treated as if they had been raised in the pleadings. Tex. R. Civ. P. 67; *see Ranger Ins. Co. v. Robertson*, 707 S.W.2d 135, 142 (Tex. App.—Austin 1986, writ ref'd n.r.e.). Trial by consent is intended to apply only in the exceptional

---

[1] Cloud's response to Carswell's petition, if she filed one, was not included in the clerk's record.

[2] The trial court found that the "issue of the award of attorney's fees to [Cloud] was tried by consent." Although we accord findings of fact the same force and dignity as we do a jury verdict and review those findings for sufficiency of the evidence, *see Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991), we review a trial court's determination that an issue has been tried by consent for an abuse of discretion. *Whatley v. Dallas*, 758 S.W.2d 301, 306 (Tex. App.—Dallas 1988, writ denied).

3

case where it clearly appears from the record as a whole that the parties tried the unpleaded issue. *Ranger Ins. Co.*, 707 S.W.2d at 142. Rule 67 is not intended to establish a general rule of practice; it should be applied with care and not in doubtful cases. *Id.* (citing *Jay Fikes & Assocs. v. Walton*, 578 S.W.2d 885, 889 (Tex. Civ. App.—Amarillo 1979, writ ref'd n.r.e.); *Foxworth-Galbraith Lumber Co. v. Southwestern Contracting Corp.*, 165 S.W.2d 221, 224 (Tex. Civ. App.—Fort Worth 1942, writ ref'd w.o.m.)). Implied consent is shown, however, when the evidence upon the extrinsic issue is developed under circumstances making clear that the parties understood such issue was in the case, and without either party having urged an objection or complaint. *Realtex Corp. v. Tyler*, 627 S.W.2d 441, 443 (Tex. App.—Houston [1st Dist.] 1981, no writ); *Yarbrough v. Cooper*, 559 S.W.2d 917, 920 (Tex. Civ. App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). To determine whether the issue was tried by consent, the court must examine the record not for evidence of the issue, but rather for evidence of trial of the issue. *In re Walters*, 39 S.W.3d 280, 289 (Tex. App.—Texarkana 2001, no pet.); *Watts v. St. Mary's Hall, Inc.*, 662 S.W.2d 55, 58 (Tex. App.—San Antonio 1983, writ ref'd n.r.e.).

The trial court has broad discretion in determining whether an unpleaded claim has been tried by implied consent of the parties. *Whatley v. Dallas*, 758 S.W.2d 301, 306 (Tex. App.—Dallas 1988, writ denied). The trial court is to exercise that discretion liberally in favor of justice. *Id.*

The record in this case reveals that Cloud's request for attorney's fees was not an issue brought up for the first time at trial. On September 30, 2001, the trial court addressed both

parties in a letter ruling regarding discovery matters. At the conclusion of the letter, the trial court

raised the issue of attorney's fees:

> **Interim Attorney's Fees:** It is apparent that the disparate financial strength of the parties is a significant factor impairing the ability of both sides to fully and fairly litigate this matter. The Court welcomes Carswell to provide any authority why this Court cannot award interim attorney's fees.

In response, Carswell did not object based on Cloud's failure to request attorney's

fees in her pleadings, but instead stated that interim attorney's fees should not be granted because,

"[s]hould Ms. Cloud prevail on the merits, she can, at that time, be awarded any fees the judge/jury

deems appropriate." In addition, by letter dated October 5, 2001, and addressed to the trial court,

Carswell further explained that

> if Mrs. Cloud prevails, then the Court can, upon final hearing, obviously make the award of attorney's fees as deemed appropriate. Since trial is approximately 45 days away, it would seem duplicative to have two trials wherein the attorney's fees issue would be decided. We would hope the Court would wait until trial to make any decision concerning fees.

Cloud, in turn, filed a motion for interim attorney's fees and a response in support of the award, in

which she detailed the difference in income between herself and Carswell.[3]

---

[3] Because no order granting interim attorney's fees appears in the record filed with this Court, it appears that the trial court agreed with Carswell's suggestion and reserved the issue of attorney's fees until trial on the merits.

In addition, toward the end of the trial, Cloud's counsel questioned Cloud, without objection, about the attorney's fees she had incurred and her ability to pay them:

Q. And approximately how much did you borrow from your parents [for attorney's fees]?

A. Oh, approximately 20,000.

Q. All right. And since sometime this summer you have not been able to pay the attorneys' fees; is that correct?

A. Right.

Q. And you owe me a balance?

A. Yes.

Q. Of approximately $15,000?

A. Yes.

Q. And how do you believe you are going to be able to pay that?

A. I don't know. I was hoping that the back child support would be used as some payment.

Q. Do you have any money to pay for attorneys' fees right now?

A. No, I don't have any stock options to sell.

Q. And do you have an option as to whether or not you can go to work right now?

A. No, I don't. I don't have an option.

Q. As far as court costs, are you in a position to be able to pay court costs?

A. No.

Following this testimony, Carswell objected, not based on Cloud's failure to plead for attorney's fees, but based on relevance.[4]

At the conclusion of the trial, the trial court requested that counsel for each party submit a detailed statement with an affidavit of attorney's fees. Carswell did not object at that time to the court's request for evidence of attorney's fees incurred by Cloud. In fact, Carswell's counsel requested that he "get the same detail from [Cloud's counsel] as I'm giving to the court" regarding attorney's fees so that he could "actually tell what time is spent in connection with what event." The court agreed.

As requested, Cloud's counsel submitted her statement and affidavit, evidencing attorney's fees in the amount of $46,812.50, paralegal fees in the amount of $11,856, and expenses totaling $3,063.74. Carswell's counsel also submitted evidence of attorney's fees. It was only after Cloud's counsel submitted her affidavit that Carswell objected in writing to the court that Cloud had not requested attorney's fees in her pleadings.

We observe initially that this is not a case in which Carswell was surprised by the trial of the issue of Cloud's attorney's fees, nor is it a case in which Carswell objected as soon as he became aware that Cloud's attorney's fees would be an issue at trial. *Cf. Lohmann*, 62 S.W.3d at 880 ("Lohmann continually objected to any award of attorneys' fees, or any affirmative relief, based on the lack of pleadings"). Cloud filed a motion seeking interim attorney's fees before trial. Furthermore, the trial court clearly expressed its concern about the disparate financial strength

---

[4] Carswell argued that the testimony was not relevant because attorney's fees should be taxed against the losing party absent good cause; Cloud was the losing party in this case, according to Carswell.

between the parties. Carswell had the opportunity, and indeed, did file a defense or response to the issue. Moreover, Carswell himself suggested that the trial court reserve the issue of attorney's fees until trial, reasoning that "it would seem duplicative to have two trials wherein the attorney's fees issue would be decided." This language reflects Carswell's understanding that Cloud's "attorney's fees issue would be decided" during the trial.

Carswell points out that he objected to the evidence of Cloud's attorney's fees in writing after it was submitted to the court. He further argues that there can be no trial by consent where evidence that raises the unpleaded issue is relevant to other matters covered in the pleadings. *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993) (holding there can be no trial by consent when evidence on unpleaded matter is relevant to pleaded issues and would not be calculated to elicit objection when offered); *In re Walters*, 39 S.W.3d at 289 (same); *Jay Fikes & Assocs.*, 578 S.W.2d at 889 (holding introduction of evidence alone does not mean parties consented to trial of unpleaded issue). Because Carswell pleaded for attorney's fees, evidence of Cloud's attorney's fees was relevant to the issue of whether it was reasonable for the court to assess attorney's fees against her, argues Carswell, and therefore there could be no trial by consent based on that evidence.

As explained above, however, the record reveals that throughout the pretrial process, the trial court made clear that it was considering whether to assess attorney's fees against Carswell, and Carswell clearly understood that Cloud's attorney's fees were an issue in this case. Yet, rather than complain about the lack of pleadings to support attorney's fees, Carswell first suggested that the attorney's fees issue be reserved for trial and then expressly requested that Cloud provide detailed evidence of attorney's fees. Carswell objected only after he had already consented to the trial court's

8

consideration of the issue of Cloud's attorney's fees and after the issue had been fully developed. Carswell's objection to consideration of attorney's fees was therefore untimely. We hold the trial court did not abuse its discretion in finding that the issue of Cloud's attorney's fees was tried by consent. Carswell's first issue is overruled.

By his second issue, Carswell complains the trial court abused its discretion in awarding attorney's fees against him because the evidence is legally or factually insufficient to support a finding that "good faith" or "probable grounds of recovery" existed on Cloud's part. By his third issue, Carswell contends the trial court erred in taxing court costs against him because he was the prevailing party.

Under the family code, it is within the trial court's discretion to award costs and attorney's fees. Tex. Fam. Code Ann. §§ 106.001, .002 (West 2002). We will not reverse the trial court's judgment absent a clear showing of abuse of discretion. *McCord v. Watts*, 777 S.W.2d 809, 813 (Tex. App.—Austin 1989, no writ). It is well-settled that attorney's fees rendered in prosecution or defense of a suit affecting the parent-child relationship may be awarded as costs against the successful parent, if they were incurred to establish the best interest of the child. *Nordstrom v. Nordstrom*, 965 S.W.2d 575, 583 (Tex. App.—Houston [1st Dist.] 1997, pet. denied); *Daniels v. Allen*, 811 S.W.2d 278, 280 (Tex. App.—Tyler 1991, no writ); *Billeaud v. Billeaud*, 697 S.W.2d 652, 655 (Tex. App.—Houston [1st Dist.] 1985, no writ); *Drexel v. McCutcheon*, 604 S.W.2d 430, 435 (Tex. Civ. App.—Waco 1980, no writ). The rationale for this is that both parents are responsible for providing for the child's needs. *London v. London*, 94 S.W.3d 139, 146 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *Marichal v. Marichal*, 768 S.W.2d 383, 385 (Tex.

9

App.—Houston [14th Dist.] 1989, writ denied). Deciding which parent is the "successful party" is often difficult in family law cases. *Carlson v. Carlson*, 983 S.W.2d 304, 309 (Tex. App.—Houston [1st Dist.] 1998, no pet.); *Nordstrom*, 965 S.W.2d at 583; *Billeaud*, 697 S.W.2d at 655.

Carswell argues that costs and attorney's fees should not have been assessed against him because he was the prevailing party. But, it is not always easy to determine who the prevailing party is. *Billeaud*, 697 S.W.2d at 655. Before the trial commenced, the parties agreed that Carswell would be awarded the right to determine the children's primary residence and to receive child support. A number of other issues, however, were presented for resolution by the trial court, including the terms and conditions of access and possession, allocation of travel expenses, child support, reimbursement of funds that Carswell withdrew from the children's educational trust accounts, modification of the trust provisions, provisions for health insurance, and payment of uninsured medical expenses. The trial court found in this case that "[n]either party is a 'prevailing' party," and the "attorney's fees incurred by [Cloud] were necessary and were incurred for the benefit and protection of the children." These findings were not challenged by Carswell. After reviewing the record, we cannot say that the trial court abused its discretion in awarding attorney's fees and costs to Cloud. We overrule Carswell's second and third issues.

By his fourth and fifth issues, Carswell challenges the sufficiency of the evidence to support the trial court's findings that eighty-five percent of Cloud's counsel's time and her paralegal's time was necessitated by Carswell's dilatory conduct in the litigation and that Carswell prolonged and over-litigated the modification proceeding. By his sixth issue, Carswell argues that the trial court erred in awarding sanctions against him.

10

Finding of fact 20 states: "[Cloud] has incurred 187.25 hours of her attorney's time and 224 hours of paralegal time, 85% of which is work necessitated by Robert Paul Carswell's Petition to Modify and dilatory conduct in the litigation." Finding of fact 23 states:

> [Carswell] has prolonged and over-litigated this modification proceeding by unreasonable discovery tactics and the assertion of dilatory and specious claims and has thereby unreasonably and unnecessarily increased both attorney's fees and costs incurred by [Cloud], all in furtherance of a strategy to economically subdue [Cloud] into acquiescence.

There is no finding or conclusion that states that the trial court awarded sanctions against Carswell.

Where the trial court issues findings of fact and conclusions of law, we treat the court's findings with the same force and dignity as a jury's verdict upon jury questions. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). We rely on the fact finder to resolve disputed facts, and we accord those facts the same status as if they were determined by a jury. *Black v. City of Killeen*, 78 S.W.3d 686, 691 (Tex. App.—Austin 2002, pet. denied).

In addition to the above quoted findings, the trial court found that Cloud's attorney's fees "were necessary and were incurred for the benefit and protection of the children. The legal fees incurred on behalf of [Cloud] were far more on behalf of the children's interests than to advance her personal interests." This finding was unchallenged. Unchallenged findings of fact are binding on an appellate court unless the contrary is established as a matter of law or there is no evidence to support the finding. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986). Any unchallenged findings of fact that support the judgment will preclude reversal. *Cohen v. Sims*, 830 S.W.2d 285, 288 (Tex. App.—Houston [14th Dist.] 1992, writ denied); *Lovejoy v. Lillie*, 569 S.W.2d 501, 504

11

(Tex. Civ. App.—Tyler 1978, writ ref'd n.r.e.) (op. on reh'g). As explained above, a trial court does not abuse its discretion in awarding attorney's fees against even a successful party when those fees were incurred to further the best interest of the children. In this case, the trial court found that neither party was the "prevailing party." And nowhere in its findings and conclusions did the trial court recite that it was awarding attorney's fees as a sanction against Carswell. The trial court's unchallenged findings of fact support the trial court's award of attorney's fees and costs against Carswell. We therefore need not determine whether sufficient evidence supports the findings of fact that Carswell challenges on appeal. We overrule Carswell's fourth, fifth, and sixth issues.

## CONCLUSION

We conclude that the trial court did not abuse its discretion in awarding attorney's fees and costs to Cloud. We overrule Carswell's issues and affirm the trial court's judgment.

_____

Mack Kidd, Justice

Before Chief Justice Law, Justices Kidd and Patterson

Affirmed

Filed:   October 16, 2003

12