TERRIE LIVINGSTON, Justice,
dissenting on rehearing.
I respectfully dissent. Because both Cheryll and Scott filed pleadings putting modification of the terms of the joint map-aging conservatorship at issue, specifically implicating the best interest of the children, and because the issue was tried by consent, I would affirm the trial court’s judgment.
The Supreme Court of Texas has held that
a suit properly invoking the jurisdiction of a court with respect to custody and control of a minor child vests that court with decretal powers in all relevant custody, control, possession and visitation matters involving the child. The courts are given wide discretion in such proceedings. Technical rules of practice and pleadings are of little importance in determining issues concerning the custody of children.... [Ojnce the child is brought under its jurisdiction by suit and pleading cast in terms of custody and control, it becomes the duty of the court in the exercise of its equitable powers to make proper disposition of all matters comprehended thereby in a manner supported by the evidence.
Leithold v. Plass, 413 S.W.2d 698, 701 (Tex.1967); Lohmann v. Lohmann, 62 S.W.3d 875, 879 (Tex.App.-El Paso 2001, no pet.); see In re A.J.J., No. 02-04-00265-CV, 2005 WL 914493, at *5 & n.30 (Tex.App.-Fort Worth Apr.21, 2005, no pet.) (mem. op.). The best interest of the child is paramount and should prevail over an overly technical application of the rules of pleading and practice. See Tex. Fam. Code Ann. § 153.002 (Vernon 2002); Leithold, 413 S.W.2d at 702; Lohmann, 62 S.W.3d at 878-79.
Section 156.004 of the family code, which makes the rules of civil procedure applicable to modification suits, should not affect this liberal application of the pleading rules, and the two can be harmonized. Tex. Fam.Code Ann. § 156.004 (Vernon 2002). But see Baltzer v. Medina, 240 S.W.3d 469, 476 n. 5 (Tex.App.-Houston [14th Dist.] 2007, no pet.) (holding that section 156.004 superseded the holding in Leithold). Under the reasoning of Leit-hold and Lohmann, a pleading requesting modification of the terms of an existing conservatorship should be construed to give the trial court the discretion to *602 change those terms in the best interest of the child, even if the specific modification made by the trial court was not delineated in the pleadings. In other words, a judgment modifying conservatorship would be supported by pleadings specifically putting the terms of conservatorship at issue. See Tex.R. Crv. P. 301; Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887, 897 (Tex.2000) (holding that in the absence of special exceptions, courts should construe pleadings liberally).
Because Cheryll and Scott both put the workability of the existing conservatorship arrangement at issue in their pleadings, I would hold that those pleadings were sufficient to support the trial court’s order designating Scott as the sole managing conservator of the children. See Leithold, 413 S.W.2d at 701; Lohmann, 62 S.W.3d at 878-79; A.J.J., 2005 WL 914493, at *5 & n. 30.
Moreover, I would hold that the issue was tried by consent. Although no witness specifically testified that Scott should be named sole managing conservator of the children, the matter of whether a change from the then-current joint managing conservatorship arrangement was warranted was clearly tried by the parties, and the parties introduced conflicting evidence regarding which parent was better able to make health care, residency, and other decisions regarding A.B.H. and L.N.H. Accordingly, I would conclude and hold that the issue was tried by consent. See Tex.R. Civ. P. 67; Beck v. Walker, 154 S.W.3d 895, 901 n. 3 (Tex.App.-Dallas 2005, no pet.).
For these reasons, I respectfully dissent.