



## MEMORANDUM OPINION

No. 04-08-00681-CV

**WEEKS** Marine, Inc.,
Appellant

v.

Edgar Eduardo **BARRERA**,
Appellee

From the 381st Judicial District Court, Starr County, Texas
Trial Court No. DC-04-137
Honorable Jose Luis Garza, Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:        Catherine Stone, Chief Justice
                Phylis J. Speedlin, Justice
                Steven C. Hilbig, Justice

Delivered and Filed: January 27, 2010

AFFIRMED IN PART, REVERSED AND REMANDED IN PART

Weeks Marine, Inc. appeals the judgment in favor of Edgar Eduardo Barrera for $842,100.00

in tort damages, $100,000.00 in cure, $100,000.00 in attorneys' fees, and $17,186.87 in costs.

Weeks contends: (1) the trial court erred in rendering judgment for both the tort award for medical

expenses and the cure award because it results in a double recovery for the same damages; (2) the

evidence is legally and factually insufficient to support the jury award of $100,000.00 in attorney's

fees; and (3) the trial court erred in allowing testimony from undisclosed witnesses, denying a mistrial, and excluding original photographs.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 11, 2003, Barrera was working on a vessel owned by Weeks when he tripped and fell. Barrera sustained a twisting, rotation injury to his right knee. As a result, Barrera underwent two surgeries for knee repair, and his doctors recommend a third surgery for a knee replacement. Barrera filed suit alleging a tort claim, an unseaworthiness claim, and seeking a seaman's maintenance and cure award.

Dr. Burliner testified Barrera's past medical expenses were $117,933.10. He also testified that the future knee replacement surgery would cost between $40,000.00 and $50,000.00. Additionally, Dr. Burliner testified that medical expenses up to the date of the knee replacement, which would be necessary in seven to ten years, would be approximately $2,500.00 a year. Finally, Dr. Burliner testified Barrera would require medical care after the surgery at a cost of approximately $2,000.00 a year, but he did not provide a date when Barrera would no longer need medical care for his knee.

The jury found Weeks's negligence proximately caused Barrera's injuries. The jury also found the unseaworthy condition of the vessel caused Barrera's same injuries. The jury awarded personal injury damages, including $53,000.00 for past medical expenses and $60,000.00 for future medical expenses under the negligence claim. The jury also found Weeks arbitrarily and capriciously denied Barrera his seaman's maintenance and cure claim. The jury awarded $100,000.00 for cure and nothing for maintenance. The trial court rendered a judgment for Barrera awarding both past and future medical expenses and cure. The judgment also awarded Barrera

$100,000.00 for attorney's fees and $17,186.87 for court costs, which included trial transcript copies and interpreter's fees.

## DISCUSSION

### *Issue One-Double Recovery*

Weeks contends the trial court erred in rendering judgment for both cure and past and future medical expenses because it results in a double recovery of the same damages. A cure award covers the payment of therapeutic, medical, and hospital expenses not otherwise provided to the seaman until the point of "maximum cure." *Maritime Overseas Corp. v. Thomas*, 681 S.W.2d 160, 161-62 (Tex. App.— Houston [14th Dist.] 1984, no writ). A tort claim provides the same medical expenses as an element of damages. *Weeks Marine, Inc. v. Salinas*, 225 S.W.3d 311, 322 (Tex. App.—San Antonio 2007, pet. dism'd). A "double recovery" occurs when a plaintiff obtains more than one recovery for the same injury or loss. *Waite Hill Servs, Inc. v. World Class Metal Works, Inc.*, 959 S.W.2d 182, 184 (Tex. 1998); *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 7 (Tex. 1991). To avoid a double recovery, a party must make an election of remedies. *Salinas*, 225 S.W.3d at 322. "An election of remedies is the choosing of one or more inconsistent but coexistent modes of procedure and relief allowed by law on the same state of facts." *Id*. An injured seaman has two separate lines of recovery: tort damages, and maintenance and cure. *Id.* Cure requires the employer pay a seaman's medical expenses and cannot duplicate the tort damages for medical expenses. *Id*. A judgment may exclude medical expenses under the tort recovery and separately award cure. *Id*.

Barrera acknowledges that a cure award cannot duplicate tort damages for past and future medical expenses and that a cure award for therapeutic, medical, and hospital expenses is the same as past and future medical expenses under the negligence claim. *See Salinas*, 225 S.W.3d at 322;

*Maritime Overseas*, 681 S.W.2d at 161-62. Barrera argues, however, that the jury's award for medical expenses and cure are not the *same* medical expenses for the *same* time period; rather, they are *different* expenses for the *same* time period. We disagree and hold the past and future medical expenses and cure award are for the same damages for the same time period for Barrera's injuries caused by his accident on September 11, 2003.

It is clear from the record that Barrera suffered one injury and underwent one course of medical treatment for the injuries he suffered on September11, 2003. The jury was asked to award money under the tort claim to fairly and reasonably compensate Barrera for his past and future medical expenses that resulted from the incident that occurred on September 11, 2003. Similarly, the jury was asked in a different question to award a sum of money that would fairly and reasonably compensate Barrera for cure for the injuries he suffered on September 11, 2003. In each of the damage questions, the jury was asked to fully compensate Barrera for the injuries caused by his accident on September 11, 2003.

Barrera argues the jury divided the figures for medical expenses provided by Dr. Burliner between the medical expenses for the negligence claim and the cure award. There is no evidence to support dividing the medical expenses between the two lines of recovery. Dr. Burliner testified as to the past and future medical expenses and did not separate the figures in such a way as to support Barrera's argument. Barrera's assertion that the jury split the total amount of medical expenses between the two awards is speculation and is not supported by any evidence.

In light of the evidence and the manner the case was submitted, there is no reasonable basis to conclude that the past and future medical expenses and the cure awards are anything other than

a double recovery for the same damages. We reverse and remand for Barrera to elect between recovery under the negligence claim for past and future medical expenses or the cure award.

### *Issue Two-Attorney's Fees*

Weeks contends the evidence is legally and factually insufficient to support the $100,000.00 attorney's fee award.[1] To determine whether there is legally sufficient evidence to support a verdict we view the evidence in a light most favorable to a finding and indulge every reasonable inference to support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We credit favorable evidence if a reasonable fact-finder could, and disregard contrary evidence unless a reasonable fact-finder could not. *Id.* If there is more than a scintilla of evidence to support the finding, the legal sufficiency challenge fails. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998).

The factors governing the assessment of attorney's fees are: (1) the time and labor involved, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the

---

[1] We need not address the factual sufficiency issue because we dispose of the attorney's fees issue on legal sufficiency of the evidence. *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. and Research Corp.,No.07-0818,* 2009 WL 3494978 at *15 (Tex. Oct. 30, 2009); *Guevara v. Ferrer*, 247 S.W.3d 662, 669-70 (Tex. 2007).

legal services have been rendered. *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818-19 (Tex. 1997).

There is scant evidence on attorney's fees. At the end of the first week of a two week trial, one of Barrera's attorneys, Peter Taaffe, testified on attorney's fees in narrative form. Taaffe told the jury there were no billing records because there was a contingent fee agreement with Barrera. Taaffe explained that Barrera was only seeking his attorney's fees for pursuing the maintenance and cure claim and not the other claims. First, Taaffe testified he had reviewed the file and estimated the legal fees for the maintenance and cure claim as $8000.00 (40 hours at $200 per hour). Then at the end of his narrative testimony, another of Barrera's counsel asked Taaffe about the number of hours the attorneys worked on the case. Taaffe explained the attorneys had worked in excess of 300 hours, which included 160 hours in the first week of trial. He added, however, they were asking for a smaller portion of their fees because the maintenance and cure was a smaller portion of the case. Finally, Taaffe stated in his testimony that he considered each of the *Andersen* factors, but he did not testify as to the factors in relation to this case.

Although Taaffe's testimony is some evidence to support an award of attorney's fees, it is not legally sufficient evidence to support $100,000.00 in attorney's fees. When there is some evidence to support an award of attorney's fees, but not sufficient evidence to support the amount awarded, we remand the issue rather than render judgment. *See Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. and Research Corp.*, No. 07-0818, 2009 WL 3494978 at *15 (Tex. Oct 30, 2009); *Guevara v. Ferrer*, 247 S.W.3d 662, 669-70 (Tex. 2007). Accordingly, we reverse and remand to the trial court for a determination of the proper amount of attorney's fees.

### *Issue Three-Error in Admission of Testimony*

Weeks next complains the trial court abused its discretion by allowing Juan Isaac Gonzalez, Juan Garza and Narciso Salinas, Jr. to testify because they were not properly identified in discovery responses as witnesses with knowledge of relevant facts. To obtain reversal of a judgment based upon the improper admission of evidence, the appellant must show the trial court committed error, and the error was reasonably calculated to cause and probably caused the rendition of an improper judgment. TEX. R. APP. P. 44.1; *Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex. 1989). Error based on the admission of evidence is generally not reversible unless the appellant can "demonstrate that the judgment turns on the particular evidence excluded or admitted." *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001).

We need not address whether the three witnesses were properly disclosed because even if they were not, Weeks failed to demonstrate reversible error. Weeks does not explain how the case turned on the three witnesses' testimony. Weeks provided no analysis of the testimony in relation to the other evidence on liability issues. Weeks did not establish that "but for" the three lay witnesses' testimony the jury would not have found in Barrera's favor. *See Interstate Northborough P'ship*, 66 S.W.3d at 220; *Doncaster v. Hernaiz*, 161 S.W.3d 594, 601 (Tex. App.–San Antonio 2005, no pet.). Rather, Weeks merely asserts that "[t]he testimony of the three witnesses was controlling on material, crucial liability issues in this case, specifically those by Barrera of alleged bad weather conditions, alleged poor maintenance, bad work conditions, lack of paint, lack of supervision, and failure to train, among others." Weeks further states, "[t]he evidence was directed at each of the allegations in [Barrera's] pleadings, and directed at defeating each of Weeks'

defenses." These mere assertions do not demonstrate the admission of the three witnesses' testimony led to the rendition of an improper judgment.

### *Issues Four and Five-Court Costs and Interpreter's Fees*

Under issues four and five, Weeks claims the trial court erred in including Barrera's costs for daily trial transcripts and the interpreter's fees in the award of court costs. The assessment of costs will be reversed on appeal only if the trial court abused its discretion. *Crescendo Inv., Inc. v. Brice*, 61 S.W.3d 465, 480-481 (Tex. App.—San Antonio 2001, pet. denied). A trial court abuses its discretion by acting arbitrarily, unreasonably, or without consideration of guiding principles. *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003).

Rule 131 of the Texas Rules of Civil Procedure states, "The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." TEX. R. CIV. PROC. 131. A court may include the following items in awarding costs:

> (1) fees of the clerk and service fees due the county;
>
> (2) fees of the court reporter for the original of stenographic transcripts necessarily obtained for use in the suit;
>
> (3) masters, interpreters, and guardians ad litem appointed pursuant to these rules and state statutes; and
>
> (4) such other costs and fees as may be permitted by these rules and state statutes.

TEX. CIV. PRAC. & REM. CODE ANN. § 31.007(b) (Vernon 2008). Also recoverable are deposition costs and filing, court reporter, transcript, subpoena and citation fees. *Brice*, 61 S.W.3d at 480. Generally, costs that are necessary to the conduct of a trial are recoverable. *Fasken Land & Minerals, Ltd. v. Occidental Permian Ltd.*, 225 S.W.3d 577, 596-97 (Tex. App.—El Paso 2005, pet. denied); *Operation Rescue-Nat'l v. Planned Parenthood of Houston & S.E. Tex., Inc.*, 937 S.W.2d

60, 88 (Tex. App.—Houston [14th Dist.] 1996), *aff'd as modified on other grounds*, 975 S.W.2d 546 (Tex. 1998).

In *Brice*, the trial court awarded appellees their costs for certified copies of depositions and trial transcripts. *Brice*, 61 S.W.3d at 480-81. This court stated, "transcripts 'necessarily obtained for use in the suit' seems to obviously include trial testimony used to question witnesses and prepare for argument at trial." *Id.* We found no abuse of discretion because the appellees in *Brice* were not recovering for "making copies" as prohibited by Rule 140. *Id.* at 481. Likewise, the trial court in this case awarded Barrera the fees necessary to obtain a copy of the original transcripts of trial proceedings ordered by Weeks for use at trial. The trial court did not abuse its discretion by including court reporter's charges for copies of trial testimony used during trial.

Further, interpreter's fees are clearly recoverable court costs when the interpreter is appointed pursuant to the rules and state statutes. TEX. CIV. PRAC. & REM. CODE ANN. § 31.007(b) (Vernon 2008). Texas Rule of Civil Procedure 183 provides that a court may appoint an interpreter of its own selection and fix the interpreter's reasonable compensation. Weeks contends the interpreter was not appointed pursuant to the rules, and argues the fees therefore are not recoverable court costs. Although there was no formal order appointing the interpreter prior to the use of her services, the record is clear the trial judge questioned the interpreter to determine if she was certified before swearing her in. After the trial the court signed an order that provided "the Court finds that it effectively appointed Ms. Aragon as an English-Spanish interpreter for trial, that defense counsel utilized her services and did not object to her appointment and services at trial." The order further provided that if the interpreter's fees are not proper under § 31.007(b) of the Civil Practice and Remedies Code, then they are recoverable pursuant to Rule 141. *See* Tex. R. CIV. PROC. 141 (court

may award costs for good cause). The trial court found good cause for the award because the interpreter's services were instrumental at trial and utilized by Weeks without objection.

Accordingly, the trial court did not abuse its discretion in its assessment of costs.

### *Issue Six-Mistrial*

Weeks contends Barrera's counsel committed numerous instances of misconduct by eliciting testimony in violation of the motion in limine rulings which prohibited evidence of hearsay and prior accidents or injuries. Weeks asserts the trial judge erred in denying its motion for mistrial.

A motion in limine is a procedural device that provides a party an opportunity to know in advance the evidentiary rulings the court will make during trial before the evidence is presented. *Weidner v. Sanchez*, 14 S.W.3d 353, 363 (Tex. App.—Houston [14th Dist.] 2000, no pet.). By obtaining pretrial rulings, the opposing party is prevented from asking prejudicial questions in front of the jury without first asking the trial court's permission. *Id.* A party complaining of a limine violation must object immediately after the information it sought to be excluded is revealed. *Id.* at 364-65. The objecting party must also request the court to instruct the jury to disregard the evidence. *State Bar of Tex. v. Evans*, 774 S.W.2d 656, 658 n.6 (Tex. 1989). Error is waived if there is no timely objection and request for an instruction to disregard, unless the error is incurable. *Id.*

We review the denial of a motion for mistrial under an abuse of discretion standard. *See Champion Int'l Corp. v. Twelfth Court of Appeals*, 762 S.W2d 898, 899 (Tex. 1988). When the basis for the requested mistrial is a violation of a motion in limine, we review the violations to determine if the violations were curable by an instruction to the jury to disregard the statement. *See Lohmann v. Lohmann*, 62 S.W.3d 875, 881 (Tex. App.—El Paso 2001, no pet.); *Weidner*, 14 S.W.3d at 363; *Fort Worth Hotel Ltd. P'ship v. Enserch Corp.*, 977 S.W.2d 746, 757 (Tex. App.—Fort

Worth 1998, no pet.). Generally, an instruction to disregard is presumed sufficient to cure any error; however, in rare instances a violation is incurable if the instruction to disregard would not eliminate the danger of unfair prejudice or if the violation was calculated to inflame the minds of the jury. *See Standard Fire Ins. Co. v. Reese*, 584 S.W.2d 835, 839-40 (Tex. 1979); *Lohmann*, 62 S.W.3d at 881.

Weeks first complains Barrera's counsel violated limine rulings by eliciting testimony from two witnesses regarding prior accidents on Weeks's vessels that did not involve Barrera. Weeks did not timely object or request an instruction to disregard; therefore, any violation of the limine ruling was waived unless Weeks can show that an instruction to disregard could not have cured the prejudice. "Unfair prejudice" is "an undue tendency to suggest [a] decision on an improper basis, commonly, though not necessarily, an emotional one." *Turner v. PV Int'l Corp.*, 765 S.W.2d 455, 471 (Tex. App.—Dallas 1988)(quoting FED. R. EVID. 403 advisory committee's note), *writ denied*, 778 S.W.2d 865 (Tex. 1989)(per curiam). Weeks argues the two witnesses' testimony bolstered Barrera's version on how the accident occurred and "impugned" Weeks's integrity. However, Weeks fails to explain how the testimony unfairly prejudiced its case or was calculated to inflame the jury.

Weeks also complains Barrera's counsel violated the limine rulings by eliciting hearsay from a witness regarding telephone conversations. However, the questions complained of did not call for hearsay, nor did the witness respond with hearsay testimony.

Even if the trial court erred, Weeks is required to demonstrate reversible error. Error is reversible only if it probably caused the rendition of an improper judgment. TEX. R. APP. P. 44.1(a)(1). Weeks failed to demonstrate through an analysis of the evidence that error in the

admission of testimony of other accidents or hearsay led to the rendition of an improper judgment. Weeks has not shown reversible error.

### *Issue Seven-Exclusion of Photographs*

Weeks asserts the trial court erred in granting Barrera's objection to the introduction of several original photographs with dates marked on the back. Barrera argued in the trial court only copies of the photographs that did not show the dates on the photos had been produced. Weeks responded that the originals with the dates should be admitted because Barrera implied to the jury that the copies of the photographs were not valid. The trial court allowed the originals to be introduced with the dates redacted.

As discussed above, to obtain reversal of a judgment based on the exclusion of evidence, the trial court must have committed error, and the error must have been reasonably calculated to cause and probably did cause the rendition of an improper judgment. TEX. R. APP. P. 44.1; *Gee*, 765 S.W.2d at 396. This standard requires the appellant demonstrate that the whole case turns on the particular evidence admitted or excluded. *Interstate Northborough P'ship*, 66 S.W.3d at 220. Weeks does not explain on what issue the dates on the photographs were relevant. Weeks does not demonstrate how the exclusion of the dates on the back of the photographs led to the rendition of an improper judgment.

### CONCLUSION

We reverse the judgment in part and remand for further proceedings. Because we hold the judgment provides an impermissible double recovery for medical expenses and cure, we remand for Barrera to elect between the two damage awards. *See Salinas*, 225 S.W.3d at 322. We also reverse and remand the attorney's fees award because there is some evidence of fees but there is not

sufficient evidence to support $100,000.00 in fees. The award is remanded for a determination of the amount of attorney's fees if Barrera elects the cure award and waives past and future medical expenses under the negligence claim. We hold the trial court did not abuse its discretion in its award of costs. Additionally, we hold the introduction of testimony from three liability witnesses did not lead to the rendition of an improper judgment. Finally, the trial court did not abuse its discretion in denying the mistrial or by excluding the original photographs with the dates shown on the back.


Steven C. Hilbig, Justice